UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. HALE,

    Petitioner,

v.

                              Civil No. 05-CV-71301-DT
                              HONORABLE AVERN COHN

SHERRY L. BURT,

    Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER**

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. James A. Hale, (Petitioner), is a state inmate at the Lakeland Correctional Facility in Coldwater, Michigan, where he is serving a sentence of sixty to one hundred years for one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83; and one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons that follow, the motion to dismiss will be denied and respondent is directed to file an answer addressing the merits of the petition within thirty days.

## II. Procedural History

Petitioner was convicted of the above offenses following a bench trial in the Detroit Recorder's Court and was sentenced on October 20, 1987. Petitioner's direct

appeals ended when on April 30, 1990, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Supreme Court. *People v. Hale,* No. 87247 (Mich.Sup.Ct. April 30, 1990).

Petitioner eventually sought post-conviction relief in the state courts by filing a motion for relief from judgment, under M.C.R. 6.500, *et. seq.* Respondent contends that this post-conviction motion was not filed with the trial court until March of 2000. The trial court's docket entries, however, show that the motion was not actually filed until February 21, 2003. [1] After the trial court and the Michigan Court of Appeals denied petitioner relief, state post-conviction proceedings were concluded on December 29, 2004, when the Michigan Supreme Court denied petitioner's application for leave to appeal from the denial of his post-conviction motion. *People v. Hale,* 471 Mich. 953 (2004). The instant habeas petition was filed on April 4, 2005.

### III. Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) indicates that the one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[1] *See* File No. 87-003654-01-FY.

collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Here, petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner's application for leave to appeal on April 30, 1990. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on June 29, 1990, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. However, because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *See Hudson v. Jones,* 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999)

Respondent contends that the instant petition is untimely, because petitioner did not file his post-conviction motion for relief from judgment until March 23, 2000, after the one year limitations period had already expired.

Petitioner, however, contends that he originally attempted to file his post-conviction motion for relief from judgment on April 1, 1997, when he gave the motion to prison officials to mail to the state trial court. When petitioner did not hear from the state court, he again submitted his post-conviction motion for filing on April 1, 1998. When

petitioner did not receive any response from the state trial court, petitioner filed a complaint with Daniel Rucker, the Deputy Court Administrator for the Third Judicial Circuit Court, in which he inquired into the status of his motion.[2] Petitioner also attempted to re-file his motion several other times in 1998 and 1999.[3] Even after petitioner filed the motion for relief from judgment that respondent has attached to the motion to dismiss, the motion was not filed with the trial court.

Petitioner also filed a petition for mandamus with this Court, in which he asked the Court to order that his state court file be found. The Court dismissed the petition without prejudice, because petitioner had failed to exhaust his state court remedies. *Hale v. Attorney General's Office,* No. 01-74727-DT (E.D. Mich. July 10, 2002). However, in reviewing the pleadings, the Court noted that it appeared that petitioner had filed a motion for relief from judgment in April of 1998 and that the motion had not been acted upon, because the state court could not find his file. *Id.* at * 2. During that time, petitioner also filed a writ of superintending control with the Michigan Court of Appeals. This writ was denied as moot because petitioner had finally obtained a ruling on the motion for relief from judgment. *Hale v. Wayne Circuit Court,* No. 243249 (Mich.Ct.App. August 5, 2003).

Petitioner has also attached letters addressed by personnel at the Third Judicial

---

[2] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999).

[3] *See* Petitioner's Exhibits, attached to his Motion in Opposition to the Respondent's Motion to Dismiss; *See also* the exhibits attached to *Hale v. Wayne Circuit Court,* No. 243249 (Mich.Ct.App. August 5, 2003).

Circuit Court, both to himself and to the Chief Clerk of the Michigan Court of Appeals, in which these persons indicated that petitioner's criminal court file had been misplaced or lost. One letter in particular, dated December 12, 2002, from Mrs. J. Brown, the clerk for the Honorable Craig S. Strong of the Third Judicial Circuit Court, noted that "[A]fter *countless years of relentlessly searching* our file room for Mr. James Hale court file," the court had been unsuccessful in locating the original documents, but had located a portion of the court file and would now be able to render a decision on petitioner's motion. (emphasis added)

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).

Petitioner is entitled to equitable tolling of the limitations period, because he has submitted persuasive documentary evidence that he submitted his motion for relief from judgment to prison officials to mail to the state trial court within the one year limitations period, but that the pleadings were either lost or misplaced. Petitioner was reasonably diligent in attempting to inquire into the status of his post-conviction motion with the state courts. Moreover, he should be entitled to equitable tolling, because he attempted to re-file his post-conviction motion within a reasonable time of concluding that the clerk of the court had not received his original motion. Petitioner also took additional steps, including filing a petition for writ of mandamus with this court, as well as a motion for superintending control with the Michigan Court of Appeals, to have his post-conviction motion found and acted upon.

Accordingly, petitioner is entitled to equitable tolling for the time between April 1, 1997, when he first attempted to file his post-conviction motion with the state court, until his post-conviction motion was actually ruled upon by the state courts.  When petitioner first attempted to file his post-conviction motion on April 1, 1997, some three hundred and forty two days had elapsed on the one year statute of limitations.  Post-conviction review was concluded on December 29, 2004, when the Michigan Supreme Court denied petitioner's application for leave to appeal.  The limitations period was further tolled pursuant to § 2244(d)(2) until the ninety day time period for seeking certiorari review in the United States Supreme Court of the state's final judgment on the petitioner's state post-conviction motion expired, which in this case was March 29, 2005. *See Abela v. Martin,* 348 F. 3d 164, 172-73 (6th Cir. 2003).  Because petitioner had twenty three days remaining to file his federal habeas petition, the instant petition, which was filed with the court on April 4, 2005, is timely.

## IV.  Conclusion

For the reasons stated above, respondent's motion to dismiss is **DENIED.**

Respondent shall file an answer addressing the merits of the petition for a writ of habeas corpus within thirty (30) days of this Order.

**SO ORDERED.**

Dated:  March 13, 2006             s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 13, 2006, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                   Case Manager, (313) 234-5160

6