**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES A. HALE,

    Petitioner,                                  Case No. 05-CV-71301-DT
                                                             HONORABLE AVERN COHN

v.

SHERRY L. BURT,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. James A. Hale, (Petitioner), is aan inmate at the Lakeland Correctional Facility in Coldwater, Michigan. He is serving a sentence of sixty to one hundred years for one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83; and one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. Petitioner filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. The Court denied the petition on the grounds that some of petitioner's claims were procedurally defaulted and some lacked merit. See Memorandum and Order filed February 15, 2007. Before the Court is Petitioner's motion for a certificate of appealability.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue.  See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  120 S. Ct. at 1604.  The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).  The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State

2

of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

Petitioner seeks a COA on issues relating to whether MCR 6.508(D) is an inadequate bar to habeas review which violates his right to due process and equal protection, whether he fairly presented his ineffective assistance of counsel claim to the state courts, and whether he was denied due process and equal protection where the state trial court failed to apply the correct law.  As explained in the February 15, 2007 Memorandum and Order, MCR 6.508(D) is sufficient to invoke procedural default, Petitioner did not fairly present his claim of ineffective assistance of counsel to the state courts, and the state trial court did not misapply the law.  The Court finds that reasonable jurists would not debate the Court's conclusions or find that Petitioner's claims deserve to proceed further.  As such, Petitioner has failed to make out a showing for issuance of a COA.  Accordingly, a COA is DENIED.

SO ORDERED.

Dated:  May 3, 2007          s/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and James Hale, 182038, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 on this date, May 3, 2007, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160

3