UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HALE,

Petitioner,

v.

Case No. 05-cv-71301
HON. MARK A. GOLDSMITH

SHERRY L. BURT,

Respondent.
_______________________________/

**OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT (Dkt. No. 45) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Nearly 20 years after the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, Petitioner James Hale has filed motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Dkt. 45). For the reasons discussed below, the Court denies the motion.

## I. BACKGROUND

In 2005, Hale filed a pro se petition for writ of habeas corpus, challenging his 1987 conviction out of the Detroit Recorder's Court for one count of assault with intent to commit murder, Mich. Comp. L. § 750.83; and one count of first-degree criminal sexual conduct, Mich. Comp. L. § 750.520b. [1] See Pet. (Dkt. 1). The Respondent initially moved to dismiss the petition pursuant to 28 U.S.C. § 2244(d)(1), on the ground that it was not filed within one year of Hale's conviction becoming final. This Court's predecessor, Judge Avern Cohn, denied the motion to dismiss, concluding that Hale was entitled to equitable tolling of the limitations period because he had "submitted persuasive documentary evidence that he submitted his motion for relief from

[1] Hale was originally charged with first-degree murder, but the trial judge convicted him of assault with intent to commit murder with respect to this charge, even though the victim, Hale's eleven year old sister, died.

judgment to prison officials to mail to the state trial court within the one year limitations period, but that the pleadings were either lost or misplaced." Hale v. Burt, No. 05-CV-71301-DT, 2006 WL 626056, at *3 (E.D. Mich. Mar. 13, 2006). In passing, Judge Cohn noted the following:

> Petitioner has also attached letters addressed by personnel at the Third Judicial Circuit Court, both to himself and to the Chief Clerk of the Michigan Court of Appeals, in which these persons indicated that petitioner's criminal court file had been misplaced or lost. One letter in particular, dated December 12, 2002, from Mrs. J. Brown, the clerk for the Honorable Craig S. Strong of the Third Judicial Circuit Court, noted that "[A]fter *countless years of relentlessly searching* our file room for Mr. James Hale court file," the court had been unsuccessful in locating the original documents, but had located a portion of the court file and would now be able to render a decision on petitioner's motion. (emphasis added).

Id. at * 3 (emphasis original).

Judge Cohn directed Respondent to file an answer addressing the merits of the petition. Id. at * 4. Respondent filed an answer and Hale filed a reply.

On February 15, 2007, Judge Cohn denied the petition, finding Hale's first three claims to be procedurally defaulted and his fourth claim to be without merit. See Op & Order (Dkt. 34). Judge Cohn subsequently denied Hale's motion for a certificate of appealability. Hale v. Burt, No. 05-cv-71301-DT, 2007 WL 1299418 (E.D. Mich. May 3, 2007). The Sixth Circuit thereafter denied Hale a certificate of appealability and dismissed the appeal. Hale v. Burt, No. 07-1571 (6th Cir. Jan. 30, 2008).

Hale has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Mot. (Dkt. 45). He argues that he is entitled to relief from judgment because the Court failed to review the preliminary examination transcript, which was not provided by Respondent as part of the Rule 5 materials. Id. at PageID.627. In support of his motion, Hale claims that in 2019 he received a letter from another inmate regarding the Wayne County Prosecutor's Office's response to a Freedom of Information Act request from Investigator Scott Lewis. Id. at PageID.635. The

letter indicated that all pre-1995 records from the prosecutor's office had been destroyed to make additional space for newer materials. Id. This would presumably include a copy of the preliminary examination in Hale's case. Hale alleges that his claims were dependent on the missing preliminary examination transcript.

## II. ANALYSIS

The Court first turns to whether this motion should be deemed a second or successive petition. Generally, a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532. A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532, n. 4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Gonzalez, 545 U.S. at 532. A

Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532, n. 4.

Here, Hale's claim that the Court failed to order or review portions of the state-court record challenges the procedural handling of his habeas petition and therefore does not amount to a second or successive petition that would require a transfer to the Sixth Circuit. See Willis v. Jones, 329 F. App'x 7, 14 (6th Cir. 2009) (habeas petitioner's motion for relief from prior order that dismissed his habeas petition as untimely, insofar as it argued that district court erred in calculating statute of limitations or in not requiring state to properly produce the habeas record, went to procedural handling of his first habeas petition, and did not have to be dismissed as successive petition for habeas relief).

Because the motion for relief from judgment is not a second or successive petition, the Court next turns to whether the motion has merit. Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. See Miles v. Straub, 90 F. App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. See Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004). A habeas petitioner may not raise arguments during his or initial federal habeas proceeding, lose those arguments, then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. See Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011).

As an initial matter, Hale's 60(b) motion is clearly untimely. Hale brings his Rule 60(b) motion under subsections (1) (mistake), (2) (newly discovered evidence), and (3) (fraud). "Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." In re G.A.D., Inc., 340 F.3d 331, 334 (6th Cir. 2003) (citing Fed. R. Civ. P. 60(b); McDowell v. Dynamics Corp. of America, 931 F.2d 380, 384 (6th Cir. 1991)). The Court denied the petition for writ of habeas corpus on February 15, 2007. Hale filed the motion for relief from judgment in this Court on July 23, 2026, almost 20 years later. Because the Rule 60(b) motion for relief from judgment was filed well beyond one year after the judgment, Hale is not entitled to relief from judgment.

But even if the Court considered the motion timely filed, Hale is not entitled to relief from judgment because he has failed to show that the Court committed any error by failing to review the preliminary examination transcript.

Hale raised the following claims in his petition: (i) counsel was ineffective for failing to where his attorney's failure to adequately research the preliminary examination record which

caused him to be tried and convicted on an information contrary to Mich. Comp. L. § 766.13; M.S.A. 28.931, (ii) Hale was denied his due process right when the judge denied his motion for directed verdict, (iii) Hale was denied his right to due process when the prosecution relied on information it knew to be false to secure a conviction, and (iv) the sentencing guidelines were incorrectly scored. Pet. at PageID.3.

Hale refers to the preliminary examination in his first claim, in which he alleges that trial counsel was ineffective for failing to object to the examining magistrate's decision to bind the case over for trial because there was insufficient evidence of sexual penetration to support the first-degree criminal sexual conduct charge. He also appeared to argue that trial counsel was ineffective for failing to bring out alleged inconsistencies between the medical examiner's preliminary examination testimony and his trial testimony on cross-examination at trial. Hale pointed to the fact that the medical examiner testified at the preliminary examination that there "was recent bruising" of the victim's "external genitalia" but at trial testified that the bruising was "inside the vagina." He referenced the preliminary examination testimony as being found in his attached Exhibit D and the trial testimony in Exhibit E. Id. at PageID.11-12. Hale, in fact, attached what appears to be the medical examiner's preliminary examination testimony on this issue in an Exhibit D and the trial transcript in an Exhibit E to his petition. Id. at PageID.35-36. Therefore, the relevant portion of the preliminary transcript was included as part of the record for this claim.

In his second claim, Hale challenges the sufficiency of the evidence to convict him at trial and mentions in passing that the preliminary examination record and been lost or destroyed. Id. at PageID.17. However, he made no argument in his original petition or in his motion for relief from judgment explaining how the preliminary examination record was relevant to show whether the evidence produced at trial was sufficient to convict.

In his third claim, Hale claimed that the prosecutor used perjured testimony to secure his conviction. To support this claim, Hale again pointed to his Exhibit D from the preliminary examination, in which the medical examiner only found recent bruising of the victim's external genitalia. He also pointed to additional preliminary examination testimony, attached to his petition as Exhibit G, in which the medical examiner, in response to a question as to whether he found any further signs of injury in his internal examination of the victim, replied, "[n]ot more than I described on external examination." Id. at PageID.19, 38. Again, the relevant portions of the preliminary transcript were included as part of the record for this claim.

In his fourth claim, Hale claimed that the judge relied on the false information in fashioning his sentence, namely, the fact that the medical examiner had changed his testimony from the preliminary examination that the injuries to the victim's genitalia were external to trial, when he testified that they were internal. Id. at PageID.23-24. The Court had the relevant medical examiner's preliminary examination testimony to resolve this claim as well.

To the extent Hale claims that the Court erred by failing to consider or request the entire preliminary examination transcript, Hale had access to and attached the relevant Rule 5 materials to his habeas petition which were necessary for the resolution of his claims. Therefore, it was unnecessary for the Court to compel Respondent to provide these additional Rule 5 materials. See Burns v. Lafler, 328 F. Supp. 2d 711, 717-18 (E.D. Mich. 2004). For these reasons, Hale is not entitled to relief from judgment in this case.

## III. CERTIFICATE OF APPEALABILITY

The Court denies Hale a certificate of appealability. In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability

only if he or she makes both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. See United States v. Hardin, 481 F.3d 924, 926, n. 1 (6th Cir. 2007). The Court denies Hale a certificate of appealability, because jurists of reason would not find this Court's denial of the Rule 60(b) motion to be debatable. The Court further concludes that Hale should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

## IV. CONCLUSION

For the reasons stated, the Court orders that the motion for relief from judgment (Dkt. No. 45) is denied. Petitioner is denied a certificate of appealability and denied leave to appeal in forma pauperis.

**SO ORDERED.**

Dated: August 21, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager